■ SHARAY HAYES, Respondent, v ASSETS RECOVERY CENTER INVESTMENTS, LLC, et al., Appellants, et al., Defendants. [2 NYS3d 797]—Order, Supreme Court, New York County (Paul Wooten, J.), entered on or about November 29, 2013, which, to the extent appealed from, denied in part defendants' motion to dismiss and for summary judgment, unanimously reversed, on the law, without costs, the motion granted, and the first, second, sixth, seventh and eighth causes of action dismissed. The Clerk is directed to enter judgment dismissing the complaint.

Defendants definitively showed that they were the holders of the mortgage loan at the time plaintiff entered into the release through the MERS Milestones printout (*see generally Matter of MERSCORP, Inc. v Romaine*, 8 NY3d 90 [2006]). Plaintiff failed to show that the bringing of a foreclosure action was a breach of the parties' mutual release, where that release expressly reserved defendants' right to bring such a proceeding. Finally, defendant 1M's bringing a holdover proceeding against

plaintiff's subtenant, which it withdrew in the face of the subtenant's motion to dismiss, was not a breach of the release's promise that 1M would negotiate a one year lease with plaintiff. In light of these findings, plaintiff's claims for fraud in the inducement and breach of the release should have been dismissed. This necessitated the dismissal of the alter ego and conspiracy claims as well. Concur—Gonzalez, P.J., Tom, Richter, Manzanet-Daniels and Kapnick, JJ. 